*Phister, for appellants.*

*Given, Johnson, for appellees.*

---

HARDY SMITH *v.* J. W. WEATHERFORD.

**Arrest—By Military Officer.**

An inferior army officer, even under the order of the general in command, does not have the right to arrest one upon mere rumor that accused had in his possession money belonging to the public enemies of the country to be used for their secret aid.

APPEAL FROM LINCOLN CIRCUIT COURT.

January 23, 1874.

OPINION BY JUDGE PRYOR:

There is nothing appearing in the record that should preclude the appellant from a judgment for his money. The singular inconsistent positions assumed by the appellee in his defense, aided by the undisputed fact that the appellant had, in fact, to borrow the money to hand over to him in accordance with his demands, leaves but little room to question the latter's right to recover. The appellee in his first answer justifies the taking, for the reason that the appellant had in his possession money that belonged to the public enemies of the country, and that the appellant was using it in some secret service or had received it for secret aid. In the second answer he claims that the rebel soldiers had, upon leaving Kentucky for the rebel army, left this money at his house in Kentucky ($418), and had attempted to transfer it to appellant, and the latter had come to Kentucky after it. The third defense is that he had heard that this rebel soldier, after he had joined the rebellion, was engaged in the robbery of the Greensburgh bank, obtained about nine hundred dollars, and employed Smith, the appellant, the soldier being afraid to take it, to carry it through the lines; that he arrested him on the order of Gen. Hobson, then in command of the federal troops at or near Brooksville, he, the appellee, being an inferior officer of Hobson's command, and took the money in the discharge of his duties as such. These important facts were certainly known, if they existed, when the answers were filed, and it is a little strange that they should have then escaped appellee's memory. Hobson does not state that there was any special order given by him to arrest this man, and certainly none requiring the appellant to execute bond for his appearance on a certain day, with $481 to be delivered over to appellee. The appellant, as the proof shows, actually borrowed this money from his neighbors or acquaintances, and in that way only was enabled to furnish the money required of him.

It is true the appellee states that the appellant, when under arrest and charged with having this money that was taken from the Greensburgh Bank, neither denied nor admitted; but on the other hand Haggard states that Smith fully explained his connection with the delivery of money to the rebel soldier and stated to Weatherford

if he had the money to pay, it must come from his own pocket; that there was a wounded rebel soldier at his, appellant's house, who had left the army, and the appellant had gone to see his mother to get money, that her son might return to Kentucky. The defense, even if available, has not been made out or sustained by the proof. The money might have been taken from any other citizen upon such rumor as seems to have reached the ears of appellee. The act looking alone to the record as now presented, was illegal in Weatherford, and no order of his superior officer can justify it. Christian County Court v. Rankin & Tharp, 2 Duvall 502.

The judgment of the court below is reversed and cause remanded with directions to award appellant a new trial, and for further proceedings consistent herewith.

*McKee, for appellant.*

*Hill, Alcorn, for appellee.*